Dear Honorable Keating,
The Attorney General is in receipt of your request for an opinion wherein you pose the question:
 "What are the limitations upon the amount of attorney's fees that may be awarded in replevin actions instituted in the State of Oklahoma?" And where you cite the following statutes as being in conflict:
 1. 12 O.S. 1580 (1978).
 "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or for the recovery of possession or the value thereof, in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff, and the defendant claims a return thereby judgment for the defendant may be a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same. The judgment for the prevailing party in such action may include a reasonable attorney's fee to be set by the Court to be taxed and collected as costs.
 2. 14A O.S. 2-412.
 "With respect to a consumer credit sale or with respect to a consumer lease the agreement may provide for the payment by the buyer or lessee of a reasonable attorney's fee not in excess of fifteen percent (15%) of the unpaid debt after default and referral to an attorney not the salaried employee of the seller or of the lessor or assignee; provided however, that no attorney's fee shall be allowed if the amount financed is one thousand dollars ($1,000.00) or less and the credit service charge exceeds ten percent (10%) per year calculated according to the actuarial method. A provision in violation of this section is unenforceable.
The general statement of policy regarding attorney's fees in replevin actions is found in 12 O.S. 1580 (1978), and the Oklahoma Court stated in the case of Ford Motor Credit Co. vs. Goings, 527, P-2d 603, 609 (Okla. app. 1974): "Ford Credit's third proposition complains that the allowance of an attorney's fee of $5,000.00 is excessive. Our examination of the record convinces us that there was no abuse of discretion by the trial in awarding this fee. The primary basis for allowance cannot logically be the amount involved. The case was an extraordinary one. The proof on the issue supports the amount of the award. The statute authorized it. 12 O.S. 1580 (1972, 1978). The award should be affirmed."
It would appear that the legislative intent in 14A O.S. 2-413 is declared in 14A O.S. 2-401 which states "this part applies to consumer credit sales and consumer leases." The whole section is concerned with limitations on agreements and practices.
It is therefore the opinion of the Attorney General that your questionbe answered as follows: That the attorney's fees in replevin actions willbe set by the court and the basic condition is that the attorney's fee bereasonable, 12 O.S. 1580 (1978); subject only to the restrictionsinvolving consumer credit sales and leases of 14A O.S. 2-413.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
LEWIS E. DARRELL, ASSISTANT ATTORNEY GENERAL